256 So.2d 285

**Louis E. WATTS**

**v.**

**STATE.**

**8 Div. 105.**

Court of Criminal Appeals of Alabama.

Nov. 23, 1971.

Rehearing Denied Dec. 21, 1971.

464

W. Stanley Rodgers, Huntsville, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PER CURIAM.

Defendant appeals from a judgment of conviction of murder in the second degree with a sentence to the penitentiary for twenty-five years.

In qualifying the jury on voir dire the court stated:

"THE COURT: Ladies and Gentlemen; we are about to get involved in the trial of the case of the State of Alabama versus Louis E. Watts. This indictment was originally returned by the February, 1966, term of the Grand Jury. My first question to you is, did you serve on that Grand Jury which returned this indictment against the Defendant, Louis E. Watts? It is an indictment which alleged a homicide by Louis E. Watts against the person of Louise Underwood. Did any of you serve on that grand jury?

(No audible response.)

"THE COURT: Now, Ladies and Gentlemen, this Defendant, Louis E. Watts, has previously been tried and found

guilty of murder in the second degree. The Supreme Court reversed that decision and sent it back for a retrial. I ask if any of you are familiar with the facts or circumstances surrounding the trial, or surrounding the incident, the homicide, which brings us here today. Are any of you familiar with the facts or circumstances surrounding it? If any of you are please let that be known to the Court:

"JUROR: I believe that I served as a juror on the first trial.

"THE COURT: You served on the jury at the first trial?

"JUROR: I believe that's right.

"THE COURT: Would you give us your name, please?

"JUROR: Harry Cook.

"THE COURT: Anyone else?

(No audible response.)"

Defense counsel reserved an exception to the court's instructing the jury that the defendant had been previously tried and convicted and moved for a mistrial. The motion was denied.

In Chiles v. State, 28 Ala.App. 156, 181 So. 128, in a similar situation, the court said:

"It was not only the province of the court, but it was the duty of the court, to provide as far as possible a fair and impartial jury to try this defendant; and hence the exception was not well taken. Certainly the defendant should want to know if any of the jurors, who were on the venire to try the case, had already passed upon it in a former trial. If such fact had been developed by the inquiry propounded, it would have afforded the defendant at bar the right or privilege to challenge such juror for cause. We are at a loss to understand how this action of the court could have tended to injuriously affect the substantial rights of the accused."

See also the annotation "Juror—Disqualification—Criminal case," 6 A.L.R.3d 519, 526.

■ While it is perhaps better practice for the court to query the jury as to their participation in any former trial without mentioning the conviction, the fact that there was no abuse of the court's discretion in qualifying the jury as indicated is demonstrated by the showing that one of the veniremen had served on the previous trial.

■ It is further argued in brief that the court committed reversible error in refusing to allow defendant's witness, Dr. Miller, a psychiatrist who had examined the defendant while he was in jail pending trial, the following question on the issue of his insanity plea:

"Doctor, in your opinion, based upon your experience and the study that you have made of this defendant, was his mind so defective mentally as to destroy his power to choose between right and wrong and his free agency destroyed to such an extent that he was incapable of avoiding the commission of the act in question at the time it was alleged to have been committed?"

The elements of this question are a part of the law of insanity laid down in Parsons v. State, 81 Ala. 577, 2 So. 854, and followed by the courts since that time.

In Hall v. State, 248 Ala. 33, 26 So.2d 566, this identical question was asked of a doctor and objection was sustained. The court's refusal to allow the question to be answered was held to be reversible error. See also Reedy v. State, 246 Ala. 363, 20 So.2d 528.

An exception was reserved to this portion of the court's charge:

"The punishment for the offense of murder in the second degree is that the defendant shall be imprisoned in the penitentiary for not less than ten years.

This is only a minimum. Should you find him guilty of murder in the second degree, then you must impose the punishment in the penitentiary for any number of years that you may elect, not less than ten—and, Gentlemen, in this particular case, not more than 99 years. Because of the previous case, you cannot find him guilty and sentence him to more than 99 years."

Defense counsel argues that the court's instructions constituted error to the prejudice of the appellant.

██ If there was error in the instruction it was error without injury, since the punishment imposed was twenty-five years.

For the court's action in sustaining the objection to the question propounded to Dr. Miller, as indicated herein, the judgment is reversed and the cause remanded.

The foregoing opinion was prepared by W. J. Haralson, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.